1  JANE LUCIANO, ESQ SBN #124263
   LUCIANO LAW
2  9000 Crow Canyon Road Ste #168
3  Danville, California 94506
   (925) 216-6030
4  jane-luciano@comcast.net
5  *Attorney for Plaintiff and the Class*

6  WILLIAM D. McCANN SBN NV #12038
   P. O. Box 876
7  Genoa, Nevada, 89411
   (925) 998-8099
8  wdmccann@gmail.com
9  *Attorney for Plaintiff and the Class*
   *Pro Haec Vice Status Pending*

# FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE B. HUTCHISON individually and on behalf of that class of individuals over 70 years of age who purchased Home Warranty Insurance from Defendants nationwide other than 'citizens' of New Jersey. | Case No. |
| | **CLASS ACTION** |
| Plaintiff, | |
| vs | **COMPLAINT FOR DAMAGES ARISING FROM COMUMER FRAUD, BREACH OF CONTRACT, IN THE ALTERNATIVE, RESCISSION, INSURANCE BAD FAITH ELDER ABUSE DECLARATORY RELIEF REQUESTED** |
| CHW Group Inc., dba CHOICE HOME WARRANTY, a New Jersey Corporation VICTOR HAKIM VICTOR MANDALAWI DAVID SERUYA INDIVIDUAL DOES 1-15 CORPORATE DOES 1-15 | |
| | **JURY DEMANDED** |
| Defendants | |

COMPLAINT                                                       1

I. THE PARTIES

1. Plaintiff Claude B. Hutchison is a resident of the State of Nevada, and, for diversity jurisdictional purposes, a 'citizen' thereof and the owner of real property in the County of Monterey, California, for which he bought a policy of home warranty insurance from Defendants. He is over 70 years of age. Having had an illustrious career including government service in Washington D.C., and as a Regent of the University of California, Plaintiff is highly qualified to represent this class.

1. Plaintiff class is that group of individuals over 70 years of age resident in all states wherein defendants do business (other than the State of New Jersey) who purchased policies of home warranty insurance from Defendants and who had warranty claims denied, delayed, or underpaid by Defendants. This is a class of defendants particularly vulnerable to the predations of Defendants.

2. Defendant CHW Group, Inc., (hereinafter CHW) is a New Jersey corporation doing business as 'Choice Home Warranty' nationwide, including within the State of California. It offers so called 'home warranty protection' insurance to homeowners in exchange for premiums.

3. Individual defendants Victor Hakim, Victor Mandalawi, David Seruya, and Maria Ramirez are owners, officers and/or directors of CHW. The individual defendants are all residents of New Jersey. The individual defendants are the *alter egos* of CHW, in that CHW has no corporate identify separate from that of the individual defendants, and they use the corporate fiction to mask their illegal activities and as a shield from liability.

4. Plaintiff does not know the identifies of Doe Defendants I through 10 or Black and White Corporations 1-10 but believes that there are other individuals and corporations

COMPLAINT                                                    2

legally responsible for the damages sustained by Plaintiff and the Class, and begs leave to amend this pleading to include them when they have been identified through discovery. All the corporate, individual, and Doe defendants will be referred to, hereinafter, as "Defendants".

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this class action by virtue of 28 U.S.C. 1332 (a) 1. Plaintiff's 'citizenship'- and causes of action on behalf of the class - satisfy the requirements of 'minimal' diversity. In an abundance of caution Plaintiff does not purport to represent class members who are citizens of New Jersey in order to achieve complete diversity. Venue is in this district by virtue of 28 U.S.C. 1931 (b) (2) in so far as Plaintiff's property is located in Monterey County, California, and a substantial portion of the wrongs alleged occurred in Monterey County, California. Specifically, the claims occurred in territory serviced by the San Jose Division of this Court. The jurisdictional amount in controversy of $75,000.00 (Seventy-five thousand dollars) of this court is exceeded by plaintiff's special, compensatory, and punitive damages. Should the class of elderly victims of Defendants be certified, their accumulated damages exceeds many millions of dollars. Plaintiff will comply specifically with Federal Rule of Civil Procedure 23 in a timely and appropriate manner.

## III. PLAINTIFF'S CLAIMS

### A. BREACH OF CONTRACT

6. Plaintiff entered into a written contract with Defendants whereby Defendants, in return for payment of a substantial premium, promised to indemnity him for loss/damage to/ and wear of certain appliances in his Carmel Valley, California home, including an electric range. Plaintiff paid fora multi-year contract of appliance protection for two properties, including the Carmel

COMPLAINT                                            3

Valley, California home. Within the last 12 (twelve) months immediately preceding the filing of this complaint, an electric range failed. Defendants sent a licensed contractor to examine the range, who made a determination that the range needed replacement. The replacement cost of the range, in so far as the model insured was no longer made, and due to the size constraints of the kitchen, was approximately $9,000.00 (Nine thousand dollars)

7. Plaintiff performed his duties under Defendants policy of insurance, including payment of premium, reporting the loss, and cooperating with Defendants repair/replacement professional who made the assessment set forth in 6, *supra.*

8. Defendants breached their obligations under the contract of insurance by:

    a. Intentionally low-balling their offer of indemnity at $300.00 (Three hundred dollars) without providing justification for such an offer. The offer was unreasonable, *per se.* This is a pattern and practice engaged in by Defendants nationwide. A relatively recent incident involving seniors can be viewed at https://www.youtube.com/watch?v=N6ntBiaNkxg which demonstrates that the pattern of 'low-balling' claimants is nationwide and directed primarily, it would appear, at seniors who are a vulnerable class.

    b. Intentionally delaying payment

    c. Creating untenable excuses for non-payment and unrealistic recovery limits.

    d. Failing to respond to Plaintiff's communication demanding payment

    e. Failing to pay anything to Plaintiff

    f. Causing plaintiff extreme emotional suffering in so far as his wife of 60 (sixty years) passed away as this dispute was going on, in the Carmel Valley Home, at a time where there was no range available in the kitchen, specifically on May 4th, 2024, the date of Mrs. Hutchison's death.

9. As a proximate result of said breach, Plaintiff and the representative class have sustained special damages, compensatory damages, attorney's fees and costs. Plaintiff additionally requests an award of punitive damages pursuant to California Civil Code 3294, in so far as Defendants have been guilty of fraud, oppression, and malice. Defendants scheme to defraud potential insureds, particularly, elderly insureds, has been in existence for over a decade, and specifically proven by the work of two State Attorney Generals, specifically, by the Attorney General of the State of New Jersey, CHW's home state, in *Attorney General of the State of New Jersey v. CHW Group Inc., C -135 -14 (2016)* (hereinafter 'New Jersey Regulatory Suit' or NJRS) and by the Attorney General of the State of Arizona in *State of Arizona v. CHW Group Inc., CV -2019-013111 (2019)* (hereinafter the Arizona Regulatory Suit or AZRS)

A. RESCISSION PURSUANT TO CALIFORNIA CIVIL CODE 1689

10. Plaintiff reincorporates and reallege allegations 1 through 9 as though fully set forth herein.

11. Plaintiff's consent to enter into the contract of home warranty insurance was induced by fraud, specifically, Defendants intended to low-ball any claims made by Plaintiff under his home warranty to ensure that the amount of premiums he paid always exceeded any amount of money they would owe him for appliances in need of replacement/repair under the policy in violation. See, California Civil Code 1689 (1).

12. The consideration Plaintiff paid for the policy of home warranty insurance failed. That is to say, for the thousands of dollars in premiums paid Defendants, Plaintiff did not receive a dime in compensation. See, California Civil Code 1689 (2)

13. The consideration given became void as a proximate result of the wrongdoing by Defendants, set forth *supra,* and in the pleadings and settlement agreements in NJRS and

COMPLAINT                                                        5

AZRS. Plaintiff will in due course ask this Court to take judicial notice of the allegations, findings, and admissions in the settlement agreement of these proceedings pursuant to Rule 201 of the Federal Rules of Evidence. See, California Civil Code 1689 (3).

14. The consideration for the obligation of Plaintiff to pay premiums failed before it was rendered to him. See, California Civil code 1689 (4)

15. The public interest will be prejudiced by permitting the contract to stand. Specifically, contains three adhesive provisions which are void as against public policy:

   a. A waiver of attorney's fees and punitive damages

   b. A waiver of a class action remedy and

   c. A purported mandatory mediation and arbitration clause requiring arbitration before the American Arbitration Association.

On May 23rd, 2024, Plaintiff wrote Defendants placing them on notice of the illegality of these provisions, requesting payment under the policy, and asking for mediation. Defendants never responded to this letter, though it was sent by Certified Mail and receipt of it was acknowledged. So, Defendants **waived** said mediation and arbitration provision.

The trifecta of these three adhesive provisions is evidence **per se** of Defendants fraud malice, and *oppression* in so far as a consumer, in order to invoke the jurisdiction of the American Arbitration Association, must pay a $3,125.00 (Three thousand one hundred and twenty-five dollar) so-called *case initiation fee,* which, the evidence will show, is far greater than the average cost of repair/replacement of an appliance under Defendants policies. So, selection of the American Arbitration Association as the vehicle for a binding arbitration was intended to defraud Plaintiff – and the Plaintiff class – by disincentivizing victims from

COMPLAINT                                                      6

paying out monies in excess of the benefits due to them – and in furtherance of their pattern and practice or either withholding, or low- balling, benefits payable under the policy. See, California Civil Code 1689 (6).

16. Plaintiff therefore requests an order rescinding the contract of home insurance and restitution of the premium thereunder, individually, and should the class of victims be certified, on their behalf. All such contracts containing the provisions cited *supra* are meretricious and void on its face. If Defendants, in view of the foregoing facts, petition this Court to mandate Arbitration before the American Arbitration Association, Plaintiff will not only vigorously contest the same but request an award of attorney's fees and costs in so doing.

### C. INSURANCE BAD FAITH CALIFORNIA INSURANCE CODE 17200

17. Plaintiff reincorporates and reallege allegations 1 through 16 as though fully set forth herein.

18. The policy of home warranty insurance issued by Defendants on Plaintiff's Carmel Valley, California, home are insurance contracts governed by the California Insurance Code and regulated by the California Department of Insurance.

19. Defendants violated California Insurance Code Section 790.03 (h) 5 and 6 by not attempting, in good faith, to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts which would ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered. The Defendants are estopped from denying coverage by the admissions of their own agent that the range in question needed

COMPLAINT                                                                 7

replacement and there is no dispute of fact that the replacement cost exceeded $9,000.00 (Nine thousand dollars)

20. Defendants are guilty of insurance bad faith, and Plaintiff has, and herewith asserts, a private right of action pursuant under Business and Professions Code 17200 as mandated by the California Supreme Court in *Zhang v. Superior Court* 178 Cal. App. 4th 14 (2013) for the emotional damages arising from violation of California Insurance Code Section 790.03 (h) 5 and 6. As has been noted, *supra,* all of Plaintiff's interaction with Defendants and/or their so-called adjusters occurred during the final days of his wife of 60 (sixty) years Susan, who passed away as this dispute was unfolding, and contributed to and accelerated Plaintiffs emotional pain and suffering.

21. Plaintiffs have sustained damages as a result of Defendants' breaches of the policy of homeowner's warranty insurance including special damages, compensatory damages, attorney's fees, and costs, and will ask this Court to award a quantum of punitive damages against Defendants to disincentivize them from injuring other prospective customers, prospective insureds. as set forth, *supra.*

ELDER ABUSE CALIFORNIA WELFARE INSTITUTIONS CODE 15610.30

22. Plaintiff reincorporates and reallege allegations 1 through 21 as though fully set forth herein.

23. Well aware that many of their targeted customers were elderly and/or on living on retirement funds, and afraid of large bills for replacement of household appliances, Defendants intentionally willfully. wantonly, and fraudulently intended to accept premiums from such individuals knowing that they would 'low-ball' and/or delay any claims that they might make and made sure that they signed an agreement waiving their right to damages, or attorney's fees, or the remedy of a class action, and saddling them with an impossible remedy, arbitration of any

COMPLAINT 8

disputes before the American Arbitration Association which would typically require a litigation set up deposit far in excess of the average value of claims made under their policies.

24. California Welfare and Institutions Code 15610. 30 provides as follows:

>  (a) *"Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:*
>
>  (1) *Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.*

25. Plaintiff is an 'elder' under this statute and has suffered 'financial abuse' as defined by this statute in so far as the premiums paid by Plaintiff are personal property appropriated with an intent to defraud him.

25. The members of the prospective class are 'citizens' of states which have similar protections for elders. For example, Nevadans over age 60 (sixty) are protected by N.R.S. 41.1395 from financial abuse. In Arizona, the Arizona Adult Protective Services statutes allow civil recovery of an elder's property -including funds – through a civil suit. Plaintiff has carefully refined the class of victims he proposes to represent, for the purposes of this cause of action, to those over 70 who have paid premiums to Defendants without recourse, resident in those states which have special statutes to protect them.

26. These Defendants are guilty of financial abuse of Plaintiff in that their receipt of premiums as contemplated by the California Elder Abuse Statues in so far as their receipt of premiums without consideration is a wrongful 'taking' of his personal property, as evidenced by their failure to adequately compensate him for his claim, their delay in compensating him for his claim (they failed to do so entirely) and their attempt to co-opt his remedies against him by requiring him to sign an adhesive contract containing a trifecta (as noted *supra*)

COMPLAINT                                        9

of waivers that are against public policy and therefore null and void.

27. As a direct and proximate result of these Defendants' violation of California Elder Abuse Statutes, Plaintiff sustained recoverable damages as provided by law.

28. As a direct and proximate result of these Defendants' violation of California's Elder Abuse Statutes, Plaintiff is entitled to an award of attorney's fees and costs.

29.  These Defendants' policies, acts, and omissions set forth in the foregoing 28 allegations, are 'unfair business practices' within the contemplation of California Civil Code § 3345 and Plaintiff therefore requests that any damages and attorney's fees awarded pursuant to California Elder Abuse Statutes be trebled.

### E. DECLARATORY RELIEF 28 U.S.C. 2201

30. Plaintiff reincorporates and reallege allegations 1 through 29 as though fully set forth herein.

31. There is an actual controversy between Plaintiff and Defendants as to the force, effect, validity of the homeowner's warranty policy issued by Defendants to Plaintiff.

32. Plaintiff requests that this Court adjudicate the validity of said contract, specifically, the validity of the trifecta of waivers contained therein. And, pursuant to Federal Rule of Civil Procedure 57, Plaintiff requests that such adjudication be a speedy one.

Wherefore, Plaintiff Prays:

   1.  That the class hereinbefore defined be certified pursuant to Federal Rule of Civil Procedure 23.

   2.  That Plaintiff and the putative class be awarded his and their special damages

   3.  That Plaintiff and the putative class be awarded his and their compensatory damages

   4.  That Plaintiff and the putative class be awarded damages by way of punishment

COMPLAINT                                           10

and example under the various theories set for *supra*.

5. That Plaintiff and the putative class be awarded their attorneys' fees, and that such attorney's fees be enhanced by virtue of the benefit this action confers on the class of elderly folk prayed on by Defendants

6. That Plaintiff be awarded adequate compensation for representing the class.

7. That Plaintiff be awarded his costs of suit.

8. That this case be tried by a jury

9. That this court issue a declaratory judgment declaring the homeowner's warranty contract between Plaintiff and Defendants null and void as against public policy.

10. That Plaintiff be granted such other and further relief as the Court deems appropriate.

/s/Jane Luciano/s/

WILLIAM D. McCANN ESQ.
JANE LUCIANO, ESQ.
*For*
CLAUDE B. HUTCHISON

.

.

COMPLAINT                                       11

COMPLAINT 12